SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–17–20

|  |  |
|---|---|
| RONALD DEL GROSSO<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | **Opinion Delivered:** May 10, 2017<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58JV-15-130]<br><br>HONORABLE KEN D. COKER, JR., JUDGE<br><br>AFFIRMED |

### MIKE MURPHY, Judge

Appellant Ronald Del Grosso appeals the Pope County Circuit Court order terminating his parental rights to his minor child, R.D. He argues that sufficient evidence did not support the circuit court's order terminating his parental rights.[1] We affirm.

The Arkansas Department of Human Services (DHS) exercised emergency control over then-nine-year-old R.D. on July 23, 2015, upon notice that Del Grosso's live-in girlfriend, Jamie Ray, may have physically abused R.D. The affidavit further explained that Ray's minor son also lived in the home; the home was infested with ants and fleas; Ray stated several times she was not going to supervise R.D.; it was indicated Ray had brain cancer and stayed in bed most of the time; and she tested positive for methamphetamine

---

[1] R.D.'s mother's parental rights were also terminated as part of the order, but she is not a party to this appeal.

and amphetamine. DHS exercised a 72-hour hold based on Del Grosso's refusal to submit to a drug screen and his refusal to ensure that R.D. was supervised and protected from Ray.

A little over a month later, R.D. was adjudicated dependent-neglected based on the finding that R.D. was at a risk of harm due to neglect because of Del Grosso's failure to appropriately supervise R.D. The case progressed through three review hearings. The resulting orders concluded that DHS made reasonable efforts to provide services for Del Grosso, but the resulting orders never specifically ruled on Del Grosso's compliance in the case. The first review order added that Del Grosso would be required to complete outpatient drug treatment. The second review order directed DHS to assist Ray in finding medical coverage for her health issues. The final review order required Del Grosso to attend counseling and ordered him to live separately from Ray.

DHS filed its petition to terminate Del Grosso's parental rights on August 17, 2016, alleging the grounds of failure to remedy and subsequent factors. The goal of the case was changed to adoption, and the hearing was held September 19, 2016.

At the hearing, Heather Moudy, the DHS caseworker, testified that her main concern was the housing and supervision situation because Ray still lived in the home. Moudy explained that she had tried to communicate with Ray, but she had been hostile and aggressive. Moudy also testified that she had gone to the home on multiple occasions to administer a random drug test on Del Grosso, but throughout the case she was able to find him at home only a couple of times. She testified that he had completed parenting classes but that he had not completed drug counseling as ordered because he started the program late and the funding had run out.

Del Grosso testified that he still resided with Ray due to a money situation because "[he has] nowhere to put her" and "[doesn't] know what to do with her." He explained that just that day he found a place to keep her temporarily with a friend of his. He conceded that there had been some discussion at staffings or at court to implement an alternative plan to perhaps have someone else in the home to make sure that R.D. was not having any unsupervised contact with Ray. But Del Grosso explained that no suggestions were made about what needed to be done to implement that and that he did not have any relatives in the area to assist. He also testified that Ray's minor son had been removed from the home as well and that Ray refused to work her case plan.[2] Lastly, he testified that Ray had not applied for social security disability and that she was not receiving Medicaid. He admitted not having done anything to get Ray on any kind of assisted living because he had been so busy working.

The circuit court terminated Del Grosso's parental rights, finding that doing so was in R.D.'s best interest. In its written order, the court specifically found that

> beginning at the hearing on April 4, 2016, the Court ordered the father to live separate and apart from Jamie Ray. The father has not complied with this order and continues to reside with Ms. Ray. The CASA report which was admitted into evidence notes that Mr. Del Grosso has stated repeatedly over the past year that he will not remove Ms. Ray from his home and that the only times he has acknowledged the need for removing Ms. Ray, he has followed that with the qualifier "for now."

The circuit court acknowledged that Del Grosso had complied with most of the court's orders but that this case had been open for fourteen months and Del Grosso had made little, if any, effort to separate himself and his child from Ray. The court concluded that the lack

---

[2]The circuit court eventually granted legal guardianship of Ray's minor child to Ray's sister.

of progress for over a year and Del Grosso's use of the phrase "for now" when acknowledging the need indicated that he had no real intention of separating from Ray.

We review termination-of-parental-rights cases de novo. *Lively v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 131, at 4–5, 456 S.W.3d 383, 386. It is DHS's burden to prove by clear and convincing evidence that it is in a child's best interest to terminate parental rights as well as the existence of at least one statutory ground for termination. *Id.* On appeal, the inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id.* We give a high degree of deference to the circuit court, as it is in a far superior position to observe the parties before it and judge the credibility of the witnesses. *Id.*

The termination-of-parental-rights analysis is twofold; it requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. The first step requires proof of one or more of the nine enumerated statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B) (Repl. 2015). The best-interest determination must consider the likelihood that the children will be adopted and the potential harm caused by returning custody of the children to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). The court, however, does not have to determine that every factor considered be established by clear and convincing evidence. *Spencer v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 96, at 5–6, 426 S.W.3d 494, 498. Instead, after considering all the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *Id.*

In the appeal, Del Grosso challenges the sufficiency of the evidence to support the termination, arguing that there was no evidence that DHS offered appropriate family services. He does not challenge the best-interest finding or the child's adoptability and therefore waives those issues on appeal.

The first ground relied on by the circuit court was the failure-to-remedy ground in Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*b*), which provides

> [t]hat a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

Del Grosso argues that the evidence failed to demonstrate that DHS provided services to "rehabilitate the parent and correct the conditions that caused removal." He specifically asserts that DHS failed to assist him in clearing Ray from the home. In support of his argument, Del Grosso points to the fact that he was not ordered to live separately from Ray until the third review order. He also explains that the testimony and orders offered into evidence at the termination hearing failed to identify any services offered to assist him in removing Ray from his house. We disagree.

While it is true that it was not until the third order that Del Grosso was ordered to live separately from Ray, it had been ordered from the beginning of the case that R.D. was not to have any unsupervised contact with Ray, and Del Grosso has not remedied this. Additionally, the circuit court made repeated findings at multiple hearings that DHS had made reasonable efforts to provide family services, yet Del Grosso did not appeal from the circuit court's previous findings that DHS had made reasonable efforts, nor did he raise this

issue at the termination hearing. We have repeatedly held that the failure to appeal from a circuit court's prior meaningful-efforts findings precludes us from reviewing those adverse rulings. *See, e.g.*, *Yarbrough v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 429, at 8, 501 S.W.3d 839, 844. In *Yarbrough*, we explained that DHS does not have an affirmative duty to re-prove factual findings made by the circuit court in earlier orders. *Id.*

Furthermore, Del Grosso has been aware of the expectations of him from the time the case first began, but he has shown a lack of urgency. This, coupled with the circuit court's finding that Del Grosso has stated repeatedly throughout the case that he will not remove Ray from his home, and if he did, it would be only temporary, indicates that Del Grosso has no intention of putting his child first. Del Grosso does not indicate which services DHS could have offered him that would have remedied the situation. Thus, the circuit court's finding that appropriate services had been provided to Del Grosso was not clearly erroneous, and we affirm the termination of Del Grosso's parental rights.

Because proof of only one ground is sufficient to support the court's termination of parental rights, we will not address the subsequent-factors ground.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.