

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-209

| | |
|---|---|
| JACOB ALLISON | **Opinion Delivered** September 6, 2017 |
| APPELLANT | |
| | APPEAL FROM THE SEBASTIAN |
| V. | COUNTY CIRCUIT COURT |
| | FORT SMITH DISTRICT |
| | [NO. 66JVF-15-253] |
| ARKANSAS DEPARTMENT OF | |
| HUMAN SERVICES and MINOR | HONORABLE JIM D. SPEARS, |
| CHILDREN | JUDGE |
| APPELLEES | |
| | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |

**PHILLIP T. WHITEAKER, Judge**

Jacob Allison appeals a Sebastian County Circuit Court order terminating his parental

rights to his son, AA1, and his daughter, AA2, ages seven and five, respectively.[1] Allison's

counsel has filed a motion to withdraw representation and a no-merit brief pursuant to *Linker-*

*Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2003), and

Arkansas Supreme Court Rule 6-9(i) (2016), stating that there are no meritorious grounds to

support an appeal. The clerk mailed a certified copy of counsel's motion and brief to Allison

informing him of his right to file pro se points for reversal. He has not done so. Because there

are no issues of arguable merit presented, we affirm and grant counsel's motion to withdraw.

The facts surrounding the removal of the children and the ultimate termination of

---

[1]The order also terminated the parental rights of their mother, Katie Alverson. She did
not appeal the termination order and is thus not a party to this appeal.

SLIP OPINION

parental rights are these. The Department of Human Services (DHS or Department) removed AA1 and AA2, then aged five and three, from the care and custody of their mother, Katie Alverson, on April 3, 2015. Alverson and the two children had been in the parking lot of a Fort Smith motel for approximately six hours. The children were filthy, they had no shoes, socks, or jackets, and their hair was infested with lice. Alverson was sitting on the curb with her head down, glassy-eyed, and her speech was slurred. She was not aware that the youngest child had walked across the parking lot to the other side of the building. Alverson tested positive for amphetamines, methamphetamine, and THC. She was arrested for public intoxication and two counts of second-degree child endangerment. She was also arrested for possession of drug paraphernalia after six syringes had been discovered in a backpack full of children's clothing. Allison, the appellant, was not present at the time of the children's removal.

DHS filed and served a dependency-neglect petition against Allison. Despite being served, Allison did not respond to the petition or make appearances at any of the initial court proceedings. In his absence, the court adjudicated the children dependent-neglected based on the mother's drug use while caring for them, found Allison to be the legal father of the children, and ordered him to pay child support. The court awarded Allison visitation with the children for at least two hours every other week with the Department providing transportation for the parents to attend visitation. Allison was ordered to obtain and maintain stable and appropriate housing, income, and transportation. He was also ordered to complete parenting classes and visit the children regularly; to submit to random drug screens and hair-

SLIP OPINION

follicle testing at the request of the Department; to submit to a drug-and-alcohol assessment and complete any recommended treatment; to achieve and maintain total sobriety; to submit to a psychological assessment and comply with the recommendations thereof; and to resolve any pending criminal charges and comply with the terms and conditions of any criminal sentence. In sum, Allison was given the opportunity and the means to be involved in the lives of his children and the judicial process at the adjudication hearing.

From the adjudication hearing, the court continued to monitor the proceeding with appropriate review hearings. Allison did not appear or participate in these proceedings. The court found that the children were receiving appropriate services in a therapeutic foster facility. Concerning Allison, the court received evidence that Allison had espoused a desire to be in the children's lives and had indicated that he would do whatever he could to help. However, the court also received evidence that Allison had spent a significant amount of time in jail since the hearing on adjudication, had been unemployed the entire time, had made no attempt to visit the children, and was not participating in the case plan.

On July 18, 2016, a fifteen-month review hearing was held, and Allison made his first appearance in the proceedings. The court noted that Allison had been arrested on June 4, 2016, on drug charges and was incarcerated in the Sebastian County jail. The court found that Allison had not complied with either the case plan or the orders of the court. The court further found that Allison had not completed any services in his case plan, had not been in contact with the Department, and had made no effort whatsoever to visit or reunify with his children. The trial court changed the goal of the case from reunification to adoption,



authorized the Department to file a petition to terminate parental rights, and appointed counsel for Allison.

On September 16, 2016, the Department filed a petition for termination of parental rights. The petition alleged the following grounds as to Allison:

(A)     The juveniles have been adjudicated by the Court to be dependent-neglected and have continued out of the home of the non-custodial father for twelve months, and, despite meaningful effort by the Department to rehabilitate him and correct the conditions that prevented the children from safely being placed in his home, the conditions have not been remedied. . . .

(B)     The juveniles have lived outside the home of the parents for a period of twelve months and the parents have willfully failed to provide significant material support in accordance with the parents' means or to maintain meaningful contact with the juveniles. . . .

(C)     The father has abandoned the juveniles. The father has failed to provide reasonable support or to maintain regular contact with the juveniles through statement or contact and his failure to do so is accompanied by an intention on the part of the father to permit the condition to continue for an indefinite period in the future. The father's failure to provide support or to maintain regular contact with the juveniles is without just cause.

. . . .

(E)     The parents have subjected the juveniles to aggravated circumstances—that there is little likelihood that services to the family will result in successful reunification. . . .

The petition then alleged that termination was in the best interest of the children; that the children were readily adoptable (foster parents were considering adoption); and that there was potential harm in returning the children to the parents' custody (father had made no effort to visit with the children or have them placed in his custody and had been in and out of jail during the pendency of the action).



On October 17, 2016, a parental–rights–termination hearing was held. DHS presented evidence through Natosha Montooth, a DHS caseworker, about the grounds alleged in the petition and the best interest of the children. Specifically, she testified that the children were adapting well to their placement; that there was no barrier to their adoption; and that the foster family had expressed an interest in adopting them. She further testified that Allison had been made a part of the case plan, that he had had some contact with the Department, but that he had participated very little during the pendency of the action. She stated that he never exercised any visitation during the nineteen months the case was pending, even though he was present when the Department picked up Alverson for visitation, and that he had not paid any child support despite being ordered to do so by the court. She further noted that he was incarcerated at the time of the termination hearing. A copy of his sentencing order was introduced.

DHS then presented Allison's testimony. He acknowledged that he had been ordered to pay child support, had the financial means to do so, but had not done so.[2] He stated that he had paid some support to Alverson and that he was living with her during some of the time support was owed. He denied getting any paperwork indicating that the kids were in foster care and that he should be paying child support to DHS. He admitted that he had talked to a DHS caseworker about what he needed to do, but he claimed that he did not know he needed to be doing anything because Alverson was working the case plan. He was incarcerated for possession of methamphetamine, hydrocodone, and drug paraphernalia and

---

[2]At the time of the termination hearing, Allison was in arrears in child support in excess of $12,000.

had received concurrent four-year sentences, with sixteen years suspended, but claimed he would be released in January, if not before. He admitted using drugs recreationally but denied any addiction. He had also been previously convicted of battery and had received a five-year suspended sentence on that. He admitted that he had not visited or had any contact with the children despite knowing that Alverson had scheduled visitations and being present when the Department picked her up to transport her to visitation.

At the conclusion of its evidence, DHS requested that the pleadings be conformed to the proof. Over the objection of Allison's counsel, the court granted the request to conform the pleadings to the proof. The trial court then terminated Allison's parental rights on five separate statutory grounds: (1) twelve months and failure to remedy conditions preventing placement with the noncustodial parent; (2) twelve months and willful failure to provide material support or to maintain meaningful contact; (3) abandonment; (4) aggravated circumstances because there is little likelihood that services will result in successful reunification; and (5) being sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's lives. The court also found that it was in the best interest of the children to terminate Allison's parental rights. This appeal followed.

In his no-merit brief, counsel identified several adverse or potentially adverse rulings, including the trial court's termination decision. He did not, however, specifically address the trial court's decision to conform the pleadings to the proof over Allison's lack-of-notice objection. Normally, a failure to address all adverse rulings would result in a denial of the

SLIP OPINION

motion to withdraw and an order of rebriefing. However, as we explained in *Houseman v.*

*Arkansas Department of Human Services*, 2016 Ark. App. 227, 491 S.W.3d 153,

> Even if an adverse ruling is omitted from a no-merit brief in a termination case, we may affirm if the ruling would clearly not constitute a meritorious ground for appeal. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526, at 5–6 (citing *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877); *see Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882 (noting the inherent differences between civil and criminal law regarding burdens of proof and standards of review, and holding that a no-merit brief that does not address an adverse ruling in a criminal case does not satisfy Ark. Sup. Ct. R. 4–3(k)(1) and must be rebriefed). In termination cases, "through de novo review for clear error, the appellate court will review all of the evidence presented for error, resolving all inferences in favor of the appellee." *Sartin*, 2010 Ark. 16, at 7, 362 S.W.3d at 881 (citing *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001)).

*Id.* at 10, 491 S.W.3d at 159–60.

Here, the circuit court terminated parental rights on the ground that Allison willfully

failed to provide significant material support or to maintain meaningful contact with his

children under Arkansas Code Annotated § 9-27-341(b)(3)(B)(ii). We conclude that this

ground against Allison was both proved and pled. There need be proof of only one ground

to support the court's termination of parental rights. *Del Grosso v. Ark. Dep't of Human Servs.*,

2017 Ark. App. 305, 521 S.W.3d 519. Thus, based on our review of the record, we hold that

the adverse ruling that counsel failed to address would clearly not constitute a meritorious

ground for appeal, and so we need not send the case back for rebriefing. Counsel's brief

adequately explains all other adverse rulings.

After carefully examining the record and the no-merit brief, we hold that, except as

noted above, Allison's counsel has complied with the requirements for a no-merit parental-

rights-termination appeal and that the appeal is wholly without merit. We therefore affirm



the order terminating Allison's parental rights to AA1 and AA2 and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and HIXSON, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

No response.