

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-92

**Opinion Delivered:** September 27, 2017

TAMMY COTTON

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD

APPELLEES

APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT
[NO. 42JV-15-17]

HONORABLE TERRY SULLIVAN, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

**BART F. VIRDEN, Judge**

In this no-merit appeal, the Logan County Circuit Court terminated appellant Tammy Cotton's parental rights to her daughter, B.C., on November 28, 2016. Appellant filed a notice of appeal the same day. Counsel for appellant filed a motion to withdraw as counsel on appeal and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2016), asserting that, other than the termination order itself, which is fully addressed in the brief, there were no adverse rulings to appellant and explaining why there are no nonfrivolous arguments to support an appeal. After being served by certified mail with the motion to withdraw and a copy of the no-merit brief, appellant did not file pro se points

SLIP OPINION

for reversal. We affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

In *Linker-Flores*, the Arkansas Supreme Court described the procedure for withdrawing as counsel from a termination-of-parental-rights appeal:

> [A]ppointed counsel for an indigent parent on a first appeal from an order terminating parental rights may petition this court to withdraw as counsel if, after a conscientious review of the record, counsel can find no issue of arguable merit for appeal. Counsel's petition must be accompanied by a brief discussing any arguably meritorious issue for appeal. The indigent party must be provided with a copy of the brief and notified of her right to file points for reversal within thirty days. If this court determines, after a full examination of the record, that the appeal is frivolous, the court may grant counsel's motion and dismiss the appeal.

*Linker-Flores*, 359 Ark. at 141, 194 S.W.3d at 747–48.

Subsequently the supreme court elaborated on the appellate court's role in reviewing a petition to withdraw in a termination-of-parental-rights appeal, holding that when the trial court has taken the prior record into consideration in its decision, a "conscientious review of the record" requires the appellate court to review all pleadings and testimony in the case on the question of the sufficiency of the evidence supporting the decision to terminate and that only adverse rulings arising at the termination hearing need be addressed in the no-merit appeal from the prior orders in the case. *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005).

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Id.* The appellate inquiry is whether the trial court's finding that the disputed fact was proved by

clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

B.C. (12/24/05) was taken into protective custody by the Arkansas Department of Human Services (Department) on September 10, 2015, due to concerns about the health and safety of her and her siblings.[1] The affidavit of family service worker Jennifer Jackson sets forth that Tammy had overdosed on methamphetamine and benzodiazepine and had to be airlifted to Mercy Hospital. After that Tammy was admitted to Valley Behavioral Hospital due to her attempts to commit suicide, and the children were left without a legal caregiver.

A petition for emergency custody and dependency-neglect was filed and granted on September 14, 2015. The trial court found that there was probable cause to believe that B.C. and her siblings were dependent–neglected, and it would be contrary to their welfare to return them to their parent. A probable-cause order was entered on September 16, 2015, in which the court found that the family had a history with the Department. In the prior cases, the children had been returned to Tammy following her completion of counseling and parenting classes and after having received assistance with transportation and housing. Tammy stipulated to probable cause.

An adjudication order finding B.C. dependent–neglected was filed on November 4, 2015, and the goal of the case was reunification with a concurrent goal of adoption. Tammy

---

[1]Two siblings of B.C. were initially involved in this case; however, they were dismissed from the case. The parental rights of B.C.'s legal father, Garland Cotton, were also terminated in the order, but he is not the subject of this appeal.

was ordered to submit to random drug screens, watch the video "The Clock is Ticking", complete parenting classes, submit to psychological and drug-and-alcohol evaluations and follow any recommendations, obtain stable housing and employment, attend counseling, submit to homemaker services, cooperate with the Department, and comply with the case plan.

Following a hearing, the trial court changed the goal of the case to adoption in a review order entered on February 22, 2016. The trial court found that the Department had made reasonable efforts to provide services but that Tammy had failed to obtain housing, failed to maintain transportation, failed to comply with drug-and-alcohol treatment, failed to exercise visitation consistently, and she tested positive for drugs when she did submit to drug screening.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d. 153. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(b)(3)(B)(Repl. 2015); *Houseman*, *supra*. Proof of only one statutory ground is sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205. A trial court is required to consider only potential harm to a child's health and safety that might come from continued contact with the parents; there is no requirement to find that actual harm would result or identify the potential harm. *Hamman*

*v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 295, at 11, 435 S.W.3d 495, 502. The potential-harm analysis is to be conducted in broad terms. *Id.*

The Department filed a petition for termination of parental rights on May 18, 2016, and based the petition for termination on the grounds set forth in Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)*—the child had been adjudicated to be dependent-neglected and had continued to be out of the parent's custody for twelve months and, despite a meaningful effort by the Department to rehabilitate the parent and correct the conditions that caused the removal, those conditions had not been remedied by the parent; section 9-27-341(b)(3)(B)(ii)*(a)*—the child had lived outside the home of the parent for twelve months, and the parent had willfully failed to provide significant material support in accordance with her means or to maintain meaningful contact with the child; section 9-27-341(b)(3)(B)(vii)(a)—other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the child in the custody of the parent was contrary to the child's health, safety, or welfare and that, despite the offer of appropriate family services, the parent had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevented the placement of the child in the custody of the parent; and section 9-27-341(b)(3)(B)(ix)*(a)(3)(A),* the parent has subjected the child to aggravated circumstances.

Following a hearing on August 17, 2016, the trial court entered an order terminating appellant's parental rights on November 28, 2016. The trial court granted the petition to terminate on the statutory ground set forth under section 9-27-341(b)(3)(B)(i)*(a)* based on Tammy's inability to control her drug abuse despite being offered extensive services by the

Department for each of the three times her children had been removed. The trial court also found that Tammy's housing situation had been unstable, and that though she loved her child, she was unable to provide for B.C.'s needs. The trial court also determined that Tammy's parental rights should be terminated under the statutory grounds set forth in section 9-27-341(b)(3)(B)(ii)*(a)*. Specifically, the trial court found that Tammy had failed to provide material support to B.C. or maintain meaningful contact with the child. The trial court also cited the "subsequent issues" grounds set forth in Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(a), finding that Tammy had lived with a convicted felon after the filing of the original petition and that she had not maintained stable housing. The trial court found that this was the third time B.C. had been removed from her mother's custody for parental drug use, and it determined that Tammy had subjected B.C. to aggravated circumstances and that there was little likelihood that further services would result in successful reunification.

The trial court found by clear and convincing evidence that although fact that there may be obstacles to B.C.'s adoption, the potential for harm if she was returned to her parents was too great, and it was in the child's best interest to terminate parental rights. Specifically, the trial court found that Tammy was not able to take care of B.C.'s extensive needs, that B.C. would be subjected to continued instability in the home if returned to Tammy, and that Tammy continued to have the inability to provide and care for B.C.

Counsel contends that this appeal is without merit, concluding that clear and convincing evidence supports the trial court's decision to terminate. Proof of only one statutory ground is sufficient to terminate parental rights, *Gossett*, *supra*, and the proof

regarding Tammy's inability to correct the conditions that caused removal was substantial. The statutory requirements were met, and the evidence established that B.C. could not be returned to her within a reasonable time period. *See* Ark. Code Ann. § 9-27-341(a)(3) (the intent of the legislature is to provide permanency in a child's life when a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.). The same proof supports the circuit court's finding that termination was in B.C.'s best interest. Accordingly, we hold that the trial court's decision to terminate Tammy's parental rights was not clearly erroneous.

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that appellant has no meritorious basis for an appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all rulings adverse to the appellant made by the trial court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i). After carefully examining the record and the brief presented to us, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and that the appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights in B.C., and counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted.

 

GLADWIN and BROWN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

One brief only.