Cite as 2019 Ark. App. 358

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-113

| | |
|---|---|
| ROBERT L. TAYLOR<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** September 4, 2019<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23JV-17-253]<br><br>HONORABLE DAVID M. CLARK, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

This appeal arises from the circuit court's November 8, 2018 order terminating the parental rights of Robert L. Taylor to his then seven-year-old daughter, CT. The child's biological mother consented to the termination of her parental rights, so she is not party to this appeal. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Taylor's counsel has filed a motion to withdraw as counsel and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of this court delivered to Taylor, by certified mail, a copy of his attorney's motion and brief along with a letter informing him of his right to file pro se points for reversal, but no pro se points have been filed. Counsel's brief contains an abstract and addendum of the proceedings below, discusses the adverse ruling to terminate, and explains that there is no meritorious ground for reversal. After

applying the appropriate standards of review, we affirm the order terminating Taylor's parental rights and grant counsel's motion to withdraw.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. *Id.* We review termination-of-parental-rights cases de novo. *Id.* The grounds for termination of parental rights must be proved by clear and convincing evidence, which is the degree of proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In resolving the clearly erroneous question, the reviewing court defers to the circuit court because of its superior opportunity to observe the parties and to judge the credibility of witnesses. *Id.*

Arkansas Supreme Court Rule 6-9(i)(1) allows counsel for an appellant in a termination case to file a no-merit petition and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The petition must include an argument section that includes all circuit

court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). Additionally, the petition's abstract and addendum are required to contain all rulings adverse to the appellant made by the circuit court at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

Counsel states that any argument challenging the two statutory grounds for termination or the best-interest findings would be wholly frivolous. Counsel further states that there were no other adverse rulings except the findings supporting the termination of Taylor's parental rights. Counsel is correct.

In October 2017, the Department of Human Services (DHS) took emergency custody of CT, her older half sister, MR, and her younger half brother, CR. Taylor did not have custody of CT because he was in prison. Taylor had received and served a fifteen-year prison sentence for second-degree sexual assault, and thereafter, Taylor failed to register as a Level II sex offender, leading to a five-year prison sentence for that offense. The biological mother of all three children was in a drug-treatment facility.

When DHS took emergency custody in October 2017, the children were being cared for by Taylor's brother and the brother's girlfriend. The brother's ex-wife had taken one-year-old CR to the hospital, where he was diagnosed with severe head trauma and other significant injuries not consistent with the story provided by Taylor's brother and the brother's girlfriend. Their story was that about a week before, CR had fallen down some stairs at home. DHS's investigation led to the conclusion that Taylor's brother had severely

physically abused CR. Over the next year, several hearings were conducted in which Taylor was ordered to comply with the case plan, but progress was impeded by his imprisonment. Taylor was required, among other things, to obtain and maintain stable housing and employment and to demonstrate the ability to protect CT from harm. In the review orders issued from those hearings, the circuit court found that Taylor had made no progress.

In June 2018, DHS filed a petition to terminate parental rights. The biological mother had already signed a consent to the termination of her rights, and Taylor remained in prison. DHS alleged two statutory grounds against Taylor: (1) being sentenced to a period of time that would constitute a substantial period of CT's life and (2) having subjected CT to aggravated circumstances, meaning that Taylor had sexually abused a juvenile or there was little likelihood that further services would result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii) and (ix) (Supp. 2017). DHS also contended that it was in CT's best interest to terminate Taylor's rights because there were no barriers to adoption and there was potential harm to CT because Taylor was a convicted sex offender who remained in prison.

At the termination hearing in September 2018, Taylor testified that he had not seen CT in three years; he did not know when he might be released on parole but believed that he would finish his sentence in October 2020. Taylor acknowledged that in total, he had been free and out of prison for about one year of CT's life. Taylor had been unable to take parenting classes in prison, but he blamed the prison for that. Taylor said that when he was released, one option for a home was a trailer he could fix up but that it was currently in

4

disrepair. He understood that most of his biological family members were not suitable to care for CT, but he wanted more time so that he might reunite with CT.

The family service worker testified that CT was adoptable despite a few behavioral issues caused by trauma, primarily at the hands of her mother. She stated that CT was making progress in her therapeutic foster home and had been in counseling. She testified that CT was not able to have visitation with her father in prison, CT had not seen him in years, and Taylor had not completed any of the case plan. The family service worker testified that even if Taylor were released from prison relatively soon, he would need time to establish himself as a stable and safe parent for CT, and CT had no other family members who would be appropriate caregivers. The CASA report recommended that Taylor's parental rights to CT be terminated and that CT be cleared for adoption.

The circuit court found that DHS proved both statutory grounds and that it was in CT's best interest to terminate parental rights. On appeal, Taylor's counsel explains why no issue of arguable merit could be raised as to either statutory ground for termination, and we agree with counsel, recognizing that only one statutory ground is necessary to support termination of his parental rights. As to aggravated circumstances, the circuit court found that there was little likelihood that further services would result in successful reunification. This ground was more than amply supported: Taylor had been imprisoned for the vast majority of CT's life; at the time of termination Taylor had not seen CT for three years and was essentially a stranger to her; and he had completed none of the services that were designed to help him be the safe, stable parent who could appropriately care for CT. The statutory purpose of terminating parental rights is to provide permanency in a juvenile's life

5

if returning the juvenile to the family home is contrary to the juvenile's health, safety, or welfare, and it appears that a return to the family home cannot be accomplished in a reasonable period of time as viewed from the juvenile's perspective. Ark. Code Ann. § 9-27-341(a)(3); *Chandler-Sivage v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 544, 532 S.W.3d 113. There could be no issue of arguable merit raised on appeal as to statutory grounds.

As to the child's best interest, we agree with counsel that the circuit court's findings were also amply supported, and no issue of arguable merit could be raised on appeal. CT, who was approximately seven years old, had no impediments to adoption, her behavioral issues (caused primarily by trauma inflicted by her family) were improving in therapeutic care, and she could not be returned to a father who was in prison, jobless, and homeless.

Counsel notes that there were no other adverse rulings except the decision to terminate Taylor's parental rights. Our review of the record confirms that there were no other adverse rulings. We hold that counsel has complied with the requirements of no-merit appeals in termination-of-parental-rights cases, and we grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and HARRISON, JJ., agree.

*J. Tyler Henderson*, for appellant.

One brief only.

6