Cite as 2021 Ark. App. 386

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-21-146

|  |  |
|---|---|
| KRISSA WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** October 20, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION [NO. 60JV-19-387]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Chief Judge

Krissa Williams appeals the termination of her parental rights to KC and KL.[1] Williams's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9(j) (2020); *Linker-Flores v. Ark. Dep't of Hum. Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed a certified copy of counsel's motion and brief to Williams's last-known address informing her of her right to file pro se points for reversal. Williams has not filed pro se points for reversal, and the Arkansas Department of Human Services (DHS) has not filed a brief. We affirm the Pulaski County Circuit Court's decision to terminate Williams's parental rights and grant her counsel's motion to withdraw.

---

[1]Williams's other child, AL, was permanently placed with his father. Williams's rights to AL were not terminated.

Williams's children were adjudicated dependent-neglected in June 2019 after KC was admitted to Arkansas Children's Hospital with second-degree burns on his chest and cigarette burns on his body. KC had suffered for a week in extreme pain without Williams seeking any medical treatment. Williams could not explain KC's injuries and changed her story several times; she also lied to investigators by saying that she had previously sought medical treatment for KC. The circuit court found that any reasonable custodian would have sought treatment for KC's severe burns and that even if the burns were accidentally caused by his sister trying to give him a bath with water heated in a microwave, "it was highly inappropriate [for Williams] to leave a three-year-old with scalding water near by being watched by an 11-year-old." Additionally, both children tested positive for methamphetamine. Williams was criminally charged related to KC's injuries, and the circuit court found by clear and convincing evidence that KC, who is autistic, had been subjected to aggravated circumstances because of extreme or repeated cruelty. Williams did not appeal the adjudication order.

Throughout the case, the circuit court ordered that DHS provide reunification services to Williams including visits with her children, individual counseling, a drug-and-alcohol assessment, drug screens, parenting classes, and caseworker services. Less than a month after the adjudication, Williams moved to Texas and failed to appear at a September 2019 permanency-planning hearing. Shortly after moving back to Arkansas in the fall of 2019, Williams was jailed for two weeks. She, however, passed the drug screens that DHS administered to her in October, November, and December 2019. Yet a January 2020 permanency-planning order notes that Williams had not participated in the case, that she

had not substantially complied with court orders, and that she had not provided DHS with an address where she was staying. The record also reflects that Williams was incarcerated from 9 March 2020 to 28 June 2020.

In 2020, DHS filed several petitions to terminate Williams's rights. The case was continued several times because of the COVID-19 pandemic, an attorney's illness, and Williams's difficulty connecting to the court hearing on her cellular telephone.[2] A termination hearing was convened using Zoom on 10 December 2020, and the court received testimony from eight witnesses. Williams's parental rights were terminated by written order on 30 December 2020. The circuit court found that DHS had proved the existence of statutory grounds by clear and convincing evidence and that a termination was in the children's best interest.

We review termination–of–parental–rights cases de novo. *Cheney v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based on a finding by clear and convincing evidence that the sought-after termination is in the children's best interest. The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Hum. Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id*. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the

---

[2]The circuit court later found that Williams's claim that her telephone lost connection because she was riding in a truck with a male acquaintance and "they were stuck in a tunnel for an hour" was not believable.

3

allegation has been established. *Pratt v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. Ark. Sup. Ct. R. 6-9(j)(1). The brief must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). The brief must also include a statement of the case and the facts containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B); Ark. Sup. Ct. R. 4-2(a)(7).

The circuit court found that DHS proved three of the grounds that it had alleged in its petition against Williams: (1) twelve-month failure to remedy; (2) other factors arising, and (3) aggravated circumstances. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*, (vii)*(a)*, and (ix)*(a)(3)(B)(i)* (Supp. 2021).

Counsel correctly states in the argument portion of her brief that, in termination cases, a challenge to a finding of aggravated circumstances must be made, if at all, in an appeal from the adjudication hearing. *See Hannah v. Ark. Dep't of Hum. Servs.*, 2013 Ark. App. 502. This brief, however, fails to account that the circuit court's previous aggravated-

4

circumstances finding in its adjudication order was limited to one child (KC). In its adjudication order, the circuit court did not make an aggravated-circumstances finding as to KL. As counsel points out in the no-merit brief, the court found aggravated circumstances as to both children in a September 2019 permanency-planning order. But in this case, the permanency-planning order was not designated as a final, appealable order pursuant to Arkansas Rule of Civil Procedure 54(b). So unlike the adjudication order (which is final and separately appealable) the permanency-planning order was an interim order and could therefore be taken up as an intermediate order with the final and appealable order terminating Williams's parental rights. Ark. Sup. Ct. R. 6-9(a)(1); *Bean v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 77, 513 S.W.3d 859.

All this means is that counsel's rationale for why Williams is procedurally barred on appeal from challenging the "aggravated circumstances" statutory grounds for the termination is inexact. Counsel has not clearly explained why a challenge to the aggravated-circumstances ground (as it relates to KL) is wholly frivolous. This miscommunication, however, does not require us to order rebriefing. *See, e.g.*, *Houseman v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153 (affirming no-merit brief when counsel mistakenly asserted that a termination ground applied to all siblings when it in fact applied to only one of the children).

Overall, counsel's no-merit brief has adequately explained why there is no meritorious basis for an appeal. For example, counsel has adequately explained a separate statutory ground supporting the termination—the "other factors arising" ground—and this

statutory ground applies to both children. Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)*(a)* provides that termination may be had on a finding that

> other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

As counsel explains, sufficient evidence exists to support the "other factors arising" ground. After the filing of the original petition for dependency-neglect, Williams failed to keep in contact with DHS or inform DHS of her address; she moved out of state and was not available for lengthy periods of time; she had failed to resolve the criminal charges that brought the children into care and was incarcerated for several months during the case; she failed to participate in the case plan; and she did not substantially comply with court orders. Conducting a de novo review of all the relevant evidence, we agree with counsel and conclude that the circuit court did not clearly err in terminating Williams's rights on the other-factors-arising ground. And since only one ground is needed to support a termination, we do not need to address the sufficiency of the evidence supporting the other two termination grounds that were found by the circuit court.

Counsel's no-merit brief correctly recites facts sufficient to support the circuit court's best-interest finding. A DHS employee testified that Williams's children are adoptable. The employee said that there were 52 adoptive sources for KC and KL together, and if the children were considered individually, there were 154 adoptive sources for KL and 161

6

sources for KC. This testimony is sufficient evidence for adoptability under our court's caselaw. *E.g.*, *Miller v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 239, 492 S.W.3d 113.

As for potential harm, the record demonstrates that Williams's housing was unstable, that she was jailed on multiple occasions in the case, that she was unavailable for drug screens, and that she failed to keep in contact with DHS, including when she moved out of state. During the termination hearing, Williams testified that she had a job, that she was currently living with her grandparents, and that she was approved for housing but did not yet know what type of apartment or housing she would receive. The termination order notes: "Concern remains about instability in housing. The mother testified that she is about to obtain housing, but this is uncertain." The circuit court also specifically found that there was no "compelling reason" to give Williams more time and that it did not consider her to be a credible witness.

The no-merit brief adequately explains why returning the children to Williams's custody would subject them to potential harm. One of a child's most basic needs is a stable home. *Latham v. Ark. Dep't Hum. Servs.*, 99 Ark. App. 25, 256 S.W.3d 543 (2007). The circuit court was in the best position to assess Williams's credibility regarding her willingness and desire to care for the children by providing them with a stable home. Williams's efforts at stability were insufficient to prevent termination. Her progression in this case was too little, too late for her to achieve reunification with her children within a reasonable time from their perspective. We conclude that counsel has adequately explained why there is sufficient evidence to support the court's finding of potential harm and why appealing its best-interest determination would be wholly frivolous.

7

There were no adverse rulings apart from the termination decision itself. Because Williams's counsel has adequately addressed the sufficiency of the evidence and has complied with both the court rules and the *Linker-Flores* requirements for no-merit briefs, we affirm the court's termination order and grant counsel's motion to withdraw.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.