Cite as 2025 Ark. App. 509

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-25-76

| | |
|---|---|
| | **Opinion Delivered** October 29, 2025 |
| ASHLEY GENTRY<br>APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17JV-23-44] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE MICHAEL MEDLOCK, JUDGE |
| APPELLEES | AFFIRMED; MOTION GRANTED |

## BRANDON J. HARRISON, Judge

Ashley Gentry appeals from the Crawford County Circuit Court's order terminating her parental rights to her children MC1 and MC2. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j) (2024), her counsel has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of this court sent a copy of the brief and the motion to withdraw to the address on record for Gentry, informing her of her right to file pro se points for reversal pursuant to Rule 6-9(j)(3), but the packet was returned unclaimed. We affirm and grant the motion to withdraw.

In July 2022, the Arkansas Department of Human Services (DHS) opened a protective-services case after MC2 was born with methamphetamine, Xanax, and THC in

her system. On 27 March 2023, DHS petitioned for a dependency-neglect finding for four-year-old MC1 and eight-month-old MC2.[1] The accompanying affidavit explained that Gentry had exhibited a pattern of substance abuse since at least 2008, which impacted her ability to adequately care for and meet the needs of her children, and that Gentry lost custody of two older children in 2014. DHS observed that Gentry had failed to attend appointments for herself, such as a drug assessment, and had failed to attend appointments at school for MC1, who is autistic. Gentry had tested negative on multiple drug screens, but DHS suspected she had tampered with the drug screens and therefore was unsure if the results were accurate. DHS noted that the maternal grandmother, Debbie Gentry, is the primary caretaker for the children but that she had recently struggled to care for the children in light of her own medical issues. DHS requested that Gentry be ordered to (1) complete a drug-and-alcohol assessment and follow all treatment recommendations of the assessment and (2) ensure MC1 attends school and receives all recommended therapies at her school.

On 19 April 2023, the circuit court found the children dependent-neglected due to parental unfitness and Gentry's substance abuse. The court set the goal of the case as family preservation and approved the case plan developed by DHS. The court ordered Gentry to comply with the case plan and court orders; cooperate with DHS and service providers; obtain and maintain stable and appropriate housing, transportation, employment, and income; remain clean and sober; and notify DHS of any significant changes in her life, including employment, health, sobriety, housing, and transportation.

---

[1] A request for a finding of dependency-neglect without removing the children from the home is often referred to as a "less than custody" case.

The circuit court reviewed the case in August 2023 and found that Gentry had partially complied with the case plan and that family preservation would remain the goal of the case. However, on 22 November 2023, DHS petitioned for emergency custody of the children. The attached affidavit explained that Gentry had not participated in the last two review hearings, had tested positive for methamphetamine and suboxone, and had an active warrant for her arrest. On November 8, the court ordered Gentry into treatment, but on November 10, she tested positive for suboxone, which barred her admission to Gateway. On November 13, she entered Gateway for inpatient treatment, and the children resided there with her, but seven days later, Gentry left treatment and said she understood that leaving court-ordered treatment would require DHS to take temporary emergency custody of the children.

The court granted DHS emergency custody and later reviewed the case in April 2024. The court found that the children would remain in DHS custody because Gentry was currently incarcerated and had not participated in services offered by DHS. The goal of the case was reunification. Another review in June 2024 showed that Gentry was not communicating with the caseworker, had denied DHS access to her home, and had not attended counseling appointments. There had also been a physical altercation with a DHS employee at a recent visitation that resulted in Gentry's being charged with child endangerment and battery. Overall, Gentry had not demonstrated progress towards the goal of the case plan. The court changed the goal of the case to adoption following the termination of parental rights.

3

DHS filed a termination petition on 16 August 2024. As statutory grounds for terminating Gentry's parental rights, DHS cited subsequent factors and aggravated circumstances. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) and (ix)*(a)(3)* (Supp. 2023). At the termination hearing on September 18, DHS case worker Lindy Payton testified that Gentry had not maintained sobriety throughout the case. DHS offered services including counseling and referrals for substance-abuse treatment, and Gentry completed a drug-and-alcohol assessment but did not attend any scheduled follow-up appointments. Gentry did not have stable housing or employment, and DHS was concerned with Gentry's ability to manage the physical-, occupational-, and speech-therapy appointments that the children required.

Gentry had been incarcerated several times throughout the pendency of the case for a total of approximately seven and a half months. She had been released from prison on September 6 (twelve days before the hearing) and had expressed interest in utilizing services, but because she had previously failed to participate in services that would benefit her or her family, DHS worried that further services would not result in any change. There had been previous instances of Gentry expressing interest in services but not following through with her actions.

Payton also testified that the children are adoptable and thriving in their current placements. DHS did not believe that Gentry could provide the stability required to care for the children, and it believed that termination was in the children's best interest.

Gentry testified that she was currently staying at the Super Eight motel in Fort Smith. She was looking for a job but was also on the waiting list for Spencer's Rehab in Eureka

4

Springs. Since her release on September 6, she had enrolled in parenting classes and drug classes and planned to start counseling when her insurance authorized it. She had also received substance-abuse treatment and counseling in prison. She did not have a driver's license or a car. As to her lack of participation throughout the case, Gentry said she had "a lot of trust issues" with DHS, and she did not feel like Payton actually cared. She explained that when the children were removed from her custody in November 2023, she was withdrawing from suboxone and was very sick. She asked the court for a chance to show that she is serious about being a better mom and is going to participate in services. She admitted she was not "one hundred percent able" to take care of the children right now, but she was working on it and would "get it done." She thought she would be ready in three months.

The circuit court set a disposition hearing for November 6, effectively giving Gentry seven weeks to make some progress. At the November 6 hearing, Gentry testified that since the last hearing, she had not completed any services but was in the process of completing parenting classes; however, she later clarified that she had not begun parenting classes but would start classes the next day. She also planned to get another drug-and-alcohol assessment and to request outpatient treatment. She had done ten days of treatment at Gateway but left because it was "chaotic," and she did not "feel comfortable." She had also attended therapy appointments with the children but had left during the sessions a couple of times to get something to eat. She did not have a vehicle. Gentry said that she needed a little bit more time because the house she had just gotten needed a lot of work, and she

5

was looking for a job. Finally, she had been ordered to pay child support for the two older children no longer in her custody, and she was over $10,000 in arrears.

Payton clarified that Gentry had attended six out of twenty-four therapy sessions for the children. Since the last hearing, DHS had provided transportation and completed referrals. Gentry's live-in boyfriend, Ethan Tice, has consistently tested positive for methamphetamine as well as his prescribed suboxone. According to Payton, Gentry had not demonstrated that she is capable of properly caring for a special-needs child.

The court stated from the bench that it was granting DHS's motion to terminate parental rights. The court's written order found that both statutory grounds pled by DHS had been proved and that termination was in the children's best interest. Gentry timely appealed the circuit court's order.

A circuit court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2023). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Posey v. Ark. Dep't of Health & Hum. Servs.*, 370 Ark. 500, 262 S.W.3d 159 (2007). On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Lee v. Ark. Dep't of Hum.*

6

*Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008). Proof of only one ground is necessary to terminate parental rights. *Id.*

Arkansas Supreme Court Rule 6-9(j)(1) allows counsel for an appellant in a termination case to file a no-merit petition and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The petition must include an argument section that includes all circuit court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). Additionally, the petition's statement of the case and facts are required to contain all rulings adverse to the appellant made by the circuit court at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B). In evaluating a no-merit brief, the issue for the court is whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Linker-Flores, supra.*

In order to terminate parental rights, a circuit court must find clear and convincing evidence as to one or more of the grounds for termination listed in Ark. Code Ann. § 9-27-341(b)(3)(B). *Trogstad v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 443, 609 S.W.3d 661. The circuit court must also find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

Counsel first argues that there is no meritorious basis on which to challenge the statutory grounds found by the circuit court. DHS offered Gentry services through the protective-services case, through the "less than custody" case, and after the children were removed from her custody, but she did not complete the services offered to her. The court noted Gentry's noncompliance throughout the case, and she spent the majority of time incarcerated after the children were removed. In addition, at the time of the disposition hearing, Gentry had still not obtained stable housing, employment, and transportation. Counsel concludes that this evidence clearly established that Gentry had failed to remedy issues arising subsequent to the filing of the dependency-neglect petition and had failed to take advantage of services to the extent that there was little likelihood that further services would result in reunification.

As to best interest, counsel asserts that the case worker testified that the children are adoptable, which is sufficient evidence of that element, and that the evidence showed Gentry was unwilling or unable to put herself in a position to provide for the children's basic needs. She lacked stable housing, employment, and transportation; she had not completed drug treatment; and her live-in boyfriend was also a drug addict. Clearly, counsel contends, the record shows that neither Gentry nor her home was sufficiently stable to return custody to her without subjecting the children to potential harm.

Finally, counsel claims that other than the termination decision itself, there were no other objections that were adverse to Gentry. This is not quite true: during closing arguments at the disposition hearing, Gentry's counsel requested that the aggravated-circumstances ground be dismissed and argued that it was not pled in the termination

8

petition or litigated at the prior hearing. DHS responded that the aggravated circumstances had been pled in the petition, and the court ultimately based termination in part on the aggravated-circumstances ground. However, even if an adverse ruling is omitted from a no-merit brief in a termination case, we may affirm if the ruling would clearly not constitute a meritorious ground for appeal. *Houseman v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153. Such is the case with regard to the omitted adverse ruling here.

Having reviewed the record and the brief presented by counsel, we hold that the circuit court had sufficient evidence on which to find that it was in the children's best interest for Gentry's parental rights to be terminated and that statutory grounds for termination existed. Thus, we grant counsel's motion to withdraw and affirm the termination of parental rights.

Affirmed; motion granted.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only,