Cite as 2020 Ark. App. 256

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-946

| | |
|---|---|
| LATISHA GILBERT | **Opinion Delivered** April 22, 2020 |
| APPELLANT | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36JV-18-70] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE KEN D. COKER, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

Appellant Latisha Gilbert appeals from the September 2019 order of the Johnson County Circuit Court terminating her parental rights to her two daughters, LT and KT.[1] Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), setting forth all adverse rulings from the termination hearing and asserting that there are no issues of arguable merit to raise on appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant's last-known

---

[1]The parental rights of the children's father, Michael Thompson, were also terminated, but he does not appeal. Thompson did not participate in the case and was found to have abandoned the children.

address informing her of her right to file pro se points for reversal, but she has filed no points.  We affirm the circuit court's order and grant counsel's motion to withdraw.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child.  *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153.  The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent.  *Id.*  Statutory grounds and a best-interest finding must be proved by clear and convincing evidence, which is the degree of proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established.  *Id.*  We review termination-of-parental-rights cases de novo.  *Id.*  The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous.  *Id.*  A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.  *Id.*

As explained by counsel, the Arkansas Department of Human Services (DHS) became involved with this family in May 2018. Gilbert was under the influence of drugs (methamphetamine, amphetamine, and marijuana) and unable to adequately supervise her children, and the home was environmentally unsafe.  KT was five, and LT was not yet one year old.  A protective-services case was opened, but by July 2018, efforts to help Gilbert rectify the children's living situation had not been fruitful.  The maternal grandmother was not a suitable caretaker; she later tested positive for numerous drugs and her home was

2

environmentally unsound. Despite DHS's provision of services, Gilbert continued to exhibit extremely erratic behavior, and the girls were often notably unclean.

Gilbert did not attend the adjudication hearing, although she was represented by counsel, and the circuit court found the girls to be dependent-neglected. Gilbert was ordered to complete the case plan and take advantage of the reunification services. Over the next year, Gilbert did not put forth sustained efforts to comply nor did she maintain meaningful progress. By the time of the termination hearing in September 2019, the evidence showed that Gilbert had moved from place to place (including to an unsuitable, dilapidated camper trailer on her mother's property); she sporadically visited the girls, missing about half of the offered visits; she did not complete outpatient drug treatment and was dismissed from the program; she failed to keep a job for more than a few days or weeks; and there were concerns of alcohol abuse. Gilbert did not deny her failings and agreed she had made a big mistake by being absent for a long time. Gilbert maintained that she loves her children and asked for additional time to "pull this together."

The caseworker testified that KT and LT were adoptable, that KT and LT had no impediments or barriers to adoption, and that their best interest would be served by terminating parental rights. The attorney ad litem agreed that the girls should be cleared for adoption, pointing to Gilbert's numerous failures to comply with the case plan. The CASA volunteer agreed with the recommendations to terminate parental rights.

The circuit court found that DHS had proved, by clear and convincing evidence, two statutory grounds for termination (one-year failure-to-remedy ground and subsequent-

other-issues ground)[2] and that it was in the girls' best interest to terminate Gilbert's parental rights. The circuit court explained that it had considered the likelihood that the girls would be adopted and the potential harm to the girls if returned to their mother's custody. A detailed four-page order was entered, memorializing the circuit court's findings.

There could be no issue of arguable merit to raise on appeal as to the sufficiency of the statutory grounds. Proof of only one statutory ground is sufficient to terminate parental rights. *Davis v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 406, 587 S.W.3d 57. We focus on the subsequent-other-issues ground:

> That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.

There was ample evidence to support the finding that Gilbert was unable or unwilling to put forth the effort required to make herself a safe, suitable parent for her daughters. Gilbert was unable or unwilling to provide her daughters an appropriate place to live or stable and adequate income. Gilbert acknowledged that after a year she was still not ready to have her children return to her custody and instead asked for more time. In addition, there was proof that the girls were adoptable and that there was potential harm to them if returned to their mother's custody, so there was sufficient evidence to support the finding that it was in their best interest to terminate parental rights. Counsel correctly states

---

[2]*See* Ark. Code Ann. section 9-27-341(b)(3)(B)(i)*(a)* and 9-27-341(b)(3)(B)(vii)*(a)* (Supp. 2019), respectively.

4

that there were no other rulings adverse to Gilbert in the termination proceeding, other than the termination decision itself.

After carefully examining the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit termination cases and that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights to LT and KT.

Affirmed; motion to withdraw granted.

ABRAMSON and MURPHY, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.