Cite as 2020 Ark. App. 470

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-20-306

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 7, 2020 |
| TABITHA SMITH | | |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73JV-17-236] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE ROBERT EDWARDS, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MIKE MURPHY, Judge

Appellant, Tabitha Smith, appeals from the February 10, 2020 order of the White County Circuit Court terminating her parental rights to her child, ET. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), setting forth all adverse rulings from the termination hearing and asserting that there are no issues of arguable merit to raise on appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant's last-known address informing her of her right to file pro se points for reversal, but the package was returned and marked "attempted–not known." The clerk's office made several additional attempts to locate Smith but has been unable to do so. We affirm the circuit court's order and grant counsel's motion to withdraw.

As explained by counsel, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect for Smith's five children on October 27, 2017.[1] The petition alleged the children were at risk for harm due to Smith's incarceration, inability to provide for her children, and drug issues. An ex parte order for emergency custody was issued, and the children were later adjudicated dependent-neglected.

During the course of the case, multiple review and permanency-planning hearings were held, but Smith never improved to a point where the court returned custody of her children to her. One year after the children entered DHS custody, DHS filed a petition to terminate Smith's parental rights. A termination hearing was set to be held on January 24, 2019, but the court continued the case to March and used the January hearing date as another permanency-planning hearing because there was a chance that the children could be placed with a relative. That placement fell through, and on October 3, 2019, almost two full years after the case had opened, the court held a termination hearing as it pertained to ET's three siblings not yet placed. The court terminated Smith's parental rights to those children. Her rights to ET were not terminated at that hearing because there was a possibility ET could be placed with his father. That placement also fell through, and the father relinquished his rights to ET. A hearing to terminate Smith's parental rights to ET was held on January 31, 2020.

---

[1]This appeal only pertains to Smith's parental rights to ET. Of her remaining four children, one was placed in the permanent custody of a family friend, and her parental rights as to the other three were terminated in an earlier order from which Smith did not appeal.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the child will be adopted and of the potential harm caused by returning custody of the child to the parent. *Id.* Statutory grounds and a best-interest finding must be proved by clear and convincing evidence, which is the degree of proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established. *Id.* We review termination-of-parental-rights cases de novo. *Id.* The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

After a review of the record, we conclude that the termination of Smith's parental rights was the only adverse ruling. At the hearing, the circuit court heard testimony from the DHS caseworker, an advocate from CASA, and Smith. The caseworker testified that at the time of the hearing, Smith was incarcerated and that DHS had been involved with the family providing services since 2003. She testified that ET remained in an out-of-home placement despite the services offered to Smith. She said that Smith had failed to complete the case plan and had used drugs recently. She opined that ET is adoptable and that if he were returned to Smith, he would face a likelihood of harm because Smith did not have a home, did not have a job, used drugs, and was currently incarcerated. The witness from

CASA testified that she believed it was in ET's best interest for Smith's parental rights to be terminated because the lack of permanency in foster care was detrimental to his development. Smith testified that she was currently incarcerated on a ninety-day commitment on a probation revocation for contempt of court and failure to appear. She said that she was scheduled to be released February 16, 2020, and had plans to go to a homeless shelter. At the conclusion of the hearing, the circuit court terminated Smith's parental rights to ET pursuant to multiple statutory grounds. It found that doing so was in ET's best interest. Smith now appeals.

There could be no issue of arguable merit to raise on appeal as to the sufficiency of the statutory grounds. Proof of only one statutory ground is sufficient to terminate parental rights. *Gilbert v. Ark. Dep't of Human Servs.*, 2020 Ark. App. 256, at 4, 599 S.W.3d 725, 727–28. Here, one of the grounds on which termination was based was the failure-to-remedy ground, codified at Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2019), which allows for the termination of parental rights when (1) a child has been out of the home of the parent for at least twelve months, (2) the child was adjudicated dependent-neglected, and (3) the parent failed to remedy the issues causing the child's removal despite the offer of meaningful reunification services.

It cannot be disputed that ET was adjudicated dependent-neglected or that he remained out of Smith's custody since his placement in foster care on October 24, 2017. We then turn to whether Smith remedied the cause of ET's removal and whether DHS offered meaningful reunification services. The children were removed due to Smith's incarceration, drug use, and inability to care for her children. More than two years later,

4

Smith was still incarcerated, continued to use drugs, and had no viable plans for taking care of ET. Services offered by DHS included drug assessments, drug treatment, and counseling, none of which Smith completed. This is sufficient evidence to terminate parental rights on the failure-to-remedy ground. In addition, there was testimony that ET is adoptable and that potential harm existed if he was returned to his mother's custody. Accordingly, sufficient evidence supports the finding that it was in ET's best interest to terminate Smith's parental rights.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit termination cases and that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating Smith's parental rights to ET.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and VAUGHT, J., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.