Cite as 2022 Ark. App. 499

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-265

|  |  |  |
|---|---|---|
| | | Opinion Delivered December 7, 2022 |
| AMANDA HARRIS | | |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43JV-19-86] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | HONORABLE BARBARA ELMORE, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**N. MARK KLAPPENBACH, Judge**

Amanda Harris appeals from the order of the Lonoke County Circuit Court terminating her parental rights to her three minor children. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j), Harris's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. Harris has filed pro se points for reversal, and the Arkansas Department of Human Services (DHS) has filed a response. We affirm the order terminating Harris's parental rights and grant counsel's motion to withdraw.

Harris's children, ages one, twelve, and thirteen, were taken into DHS custody on May 29, 2019. A protective-services case had been open since April 2019 due to inadequate supervision. During a home visit on May 29, Harris and her boyfriend, Brian Moody, tested positive for methamphetamine and admitted using it the day before while the baby was in the home.[1] The children were later adjudicated dependent-neglected upon stipulation of parental unfitness due to drug use. Harris complied with the case plan initially. She began counseling and parenting classes, and she completed a thirty-day residential drug-treatment program in September 2019. In October 2019, Harris submitted to a psychological evaluation, which revealed mild intellectual disability. She was subsequently appointed a guardian ad litem. The psychological evaluation also noted concerns about Harris's capacity to maintain recovery and concluded that she did not have the capacity to parent at that point.

After Harris tested positive for THC in November 2019 and for THC and methamphetamine in January 2020, she was ordered to undergo a second drug-and-alcohol assessment. At a permanency-planning hearing held in June 2020, the court found that Harris had not made significant, measurable progress. Harris had tested positive for methamphetamine two more times, had missed her appointment for her second drug-and-alcohol assessment, had failed to submit to a hair-follicle test, and had failed to complete

---

[1]Moody was alleged to be the putative father of the youngest child, and he was later determined to be the legal father under the Juvenile Code. Moody's parental rights were terminated, but he is not a party to this appeal.

parenting classes. The court added the concurrent goal of relative placement. Harris's sister, Donna Faircloth, had begun attending court hearings in February 2020, and DHS was ordered to provide her with a psychological evaluation and a home study. Faircloth was granted visitation with the children.

At the time of a review hearing in December 2020, Harris had still not submitted to a second drug-and-alcohol assessment or a hair-follicle test. A termination hearing was scheduled for March 30, 2021, but a review hearing was held on that date instead. At that time, Harris had tested positive for methamphetamine on a hair-follicle test. A termination hearing was then scheduled for June 2, 2021, but an order for continuance subsequently continued the termination hearing to August 20, 2021. For unknown reasons, the termination hearing did not take place until December 6, 2021.

At the termination hearing, Harris testified that after she completed inpatient treatment in 2019, stress and anxiety caused her to start using drugs again. Caseworker Jennifer Brackenridge testified that although Harris had tested negative on urine drug screens from July 2020 through March 2021, DHS had later discovered "urine cleaner" in her home; thus, DHS suspected that Harris had probably been altering her drug screens. Harris tested positive for methamphetamine on hair-follicle tests in January and April 2021. In May 2021, Harris finally completed her second drug-and-alcohol assessment, which recommended outpatient treatment. In 2021, she tested positive on urine screens in April, May, August, September, and October. Harris testified that she began the outpatient

treatment in September and completed it in October, and she said that she had last used drugs in September.

Harris said that it was easier to stay clean since Moody had moved out at the end of October 2021. Harris claimed that he would not be returning to live with her. Moody had last visited the children in February 2020, had refused to submit to drug screens after July 2020, and had stopped participating in other services. Harris acknowledged that Moody was still using drugs when he lived with her, and she blamed him and a neighbor for drug paraphernalia DHS found in her home. Brackenridge testified that she had tried to convince Harris to have Moody move out earlier in the case to no avail. Brackenridge testified that Harris had made only sporadic progress regarding her substance-abuse issues, not substantial, measurable progress. The circuit court terminated Harris's parental rights upon finding that she had not corrected her drug issues and that termination was in the children's best interest. The court noted that the case had been put off a long time, hoping that family members would qualify to take the children, but they did not.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Smith v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 470, 610 S.W.3d 161. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the child will be adopted and of the potential harm caused by returning custody of the child to the parent. *Id.* Statutory grounds and a best-interest finding must be proved by clear and convincing evidence, which is the degree of

proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established. *Id.* We review termination-of-parental-rights cases de novo. *Id.* The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

After a review of the record, we agree with counsel that there could be no issue of arguable merit to raise on appeal as to the sufficiency of at least one of the statutory grounds. One of the grounds on which termination was based was the failure-to-remedy ground, which allows for the termination of parental rights when a juvenile has been adjudicated dependent-neglected, has continued out of the parent's custody for twelve months, and despite a meaningful effort by DHS to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2021). Here, the children were out of Harris's home for more than two years, they had been adjudicated dependent-neglected, and despite drug treatment and other services, Harris had failed to remedy her drug use. Although Harris had periods of time with negative drug screens, her positive hair-follicle tests and DHS's discovery of "urine cleaner" indicated that those screens may have been inaccurate. She then tested positive on drug screens in August, September, and October leading up to the December 2021 termination hearing. Harris had also refused DHS's pleas to have Moody move out of her home even though he was using drugs. Although Harris

claimed to have been drug-free for the two months before the termination hearing, given the evidence of continued drug use more than two years into the case, there is no meritorious basis to argue that the circuit court clearly erred in finding sufficient proof of this ground.

We also agree with counsel that there is no meritorious basis to argue that the circuit court erred in finding that termination was in the children's best interest after two and a half years in DHS custody. There was sufficient evidence that the children are adoptable and that Harris's drug use created potential harm to the children. *See Furnish v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 511, 529 S.W.3d 684. Finally, counsel has adequately identified other rulings adverse to Harris and explained why those rulings do not provide meritorious grounds for reversal. In her pro se points, Harris alleges that she was mistreated by DHS, that she is clean and able to care for her children, and that Moody is no longer in her life. Given our previous discussion and conclusion that there can be no meritorious challenge to the sufficiency of the evidence supporting the termination of Harris's parental rights, we conclude that her pro se points provide no grounds for reversal.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit termination cases and that the appeal is wholly without merit. Accordingly, we affirm the order terminating Harris's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

6

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.