Cite as 2023 Ark. App. 328

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-703

|  |  |  |
|---|---|---|
| BRIAN PETERSON | | Opinion Delivered May 31, 2023 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-21-86] |
| V. | | |
| | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**N. MARK KLAPPENBACH, Judge**

Brian Peterson appeals from the order of the Washington County Circuit Court terminating his parental rights to his three children between the ages of seven and ten. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j), Peterson's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. Peterson has not filed pro se points for reversal. We affirm the order terminating Peterson's parental rights and grant counsel's motion to withdraw.

The Arkansas Department of Human Services (DHS) exercised emergency custody over the children in February 2021 because they had been left without an appropriate

caregiver following the arrest of their mother, Sally Peterson, with whom they were living.[1] When DHS was able to contact the children's father, Peterson, he reported that he had a warrant for his arrest in another county and would need to turn himself in to take care of it. Furthermore, his house had no running water and was undergoing extensive renovations. Peterson did not appear at the probable-cause hearing or the May 2021 adjudication hearing, at which point DHS had not heard from him at all since their initial contact. A review hearing was held in September 2021, and Peterson again did not appear. By that time, Peterson had contacted DHS a few times, but he was not in compliance with the case plan.

Peterson first appeared at a January 2022 permanency-planning hearing. Peterson had begun participating in the case by that time and had completed his drug-and-alcohol assessment, was participating in substance-abuse treatment and family therapy, and was maintaining stable employment. By the time of the April 2022 fifteen-month-permanency-planning hearing, however, Peterson had been discharged from treatment, had lost his job, and had yet to complete his hair-follicle test. The goal was changed to adoption.

Peterson did not appear at the July 2022 termination hearing. The evidence established that Peterson had failed to demonstrate sobriety due to his failure to complete treatment, his failure to submit to fifty-five out of fifty-seven drug screens, and his failure to submit to a hair-follicle test. He had not seen the children since May 2, 2022, and he had failed to maintain contact with DHS. Despite setting up appointments for DHS to assess

---

[1]Sally Peterson's parental rights were also terminated in this case. She is not a party to this appeal.

his home, he had never allowed DHS inside his home. Other testimony established that the children are adoptable.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Smith v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 470, 610 S.W.3d 161. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the child will be adopted and of the potential harm caused by returning custody of the child to the parent. *Id.* Statutory grounds and a best-interest finding must be proved by clear and convincing evidence, which is the degree of proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established. *Id.* We review termination-of-parental-rights cases de novo. *Id.* The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.*

After a review of the record, we agree with counsel that there could be no issue of arguable merit to raise on appeal. The termination is the only ruling adverse to Peterson arising from the termination hearing. One of the grounds on which the circuit court based its termination order was the subsequent-factors ground. This ground requires proof that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the

3

subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)* (Supp. 2021). Peterson had failed to submit to drug testing, failed to allow DHS inside his home, and failed to consistently visit, maintain contact with DHS, and appear at the court hearings. The evidence of Peterson's failure to comply with the case plan and court orders, despite the offer of appropriate services, evidenced his indifference to showing that he could provide a safe and appropriate home for the children. *See Danes v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 388, 585 S.W.3d 731. We also agree with counsel that there is no meritorious basis on which to argue that the circuit court erred in finding that termination was in the children's best interest. There was sufficient evidence that the children are adoptable and that returning the children to Peterson's care would pose potential harm.

Having carefully examined the record and counsel's brief, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit termination cases and that the appeal is wholly without merit. Accordingly, we affirm the order terminating Peterson's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and GRUBER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.

4